IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-87-D

| | | |
|---|---|---|
| DAN WAGNER and PHYLLIS CHEESEMAN, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | O R D E R |
| NORCOLD, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiffs' motion to compel. [DE-26]. Defendants filed a response in opposition. [DE-32]. For the reasons that follow, the motion is denied.

Plaintiffs ask the court to (1) order Defendants Thetford Corporation ("Thetford") and The Dyson-Kissner-Moran Corporation ("DKM") to produce relevant documents concerning their net worth; (2) order all Defendants to produce a privilege log for all documents they have failed to produce under a claim of privilege, or alternatively to find privilege has been waived for failure to produce a log; (3) compel Defendants' Rule 30(b)(6) depositions; and (4) award fees and costs associated with bringing the motion. Pls.' Mot. [DE-26] at 1.

Rule 26 provides the general rule regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Prasad v. Nallapati*, 597 F. Supp.3d 842, 846 (E.D.N.C. 2022); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Prasad*, 597 F. Supp.3d at 846 (quoting *Mainstreet Collection*, 270 F.R.D. at 240).

### 1. Thetford and DKM's Financial Documents

Plaintiffs requested Thetford and DKM produce "all documents, including but not limited to SEC Form 10-K reports, reflecting Defendant's net worth for the last five (5) years." Pls.' Mem. [DE-27] at 5. Thetford and DKM lodged several objections, including that Plaintiffs had not demonstrated entitlement to the net worth or other financial information. *Id.* Defendants contend that this information is not discoverable without a *prima facie* showing of entitlement to punitive damages. Defs.' Resp. [DE-32] at 3–5.

"It is undisputed that 'a defendant's financial position or net worth is relevant to the issue of punitive damages.'" *Taylor v. McGill Env't Sys. of N.C., Inc.*, No. 7:13-CV-00270-D, 2015 WL 1125108, at *7 (E.D.N.C. Mar. 12, 2015) (quoting *Jackson–Heard v. Elizabeth City State Univ.*, No. 2:12–CV–8–BO, 2013 WL 594896, at *2 (E.D.N.C. Feb. 15, 2013)). However, this court has required a *prima facie* showing of entitlement to punitive damages before requiring the production of sensitive financial information. *Id.* Plaintiff has not made the requisite showing. Furthermore, the court has recognized that "such a determination is more appropriately made on the parties' fully developed motions for summary judgment on the issue of punitive damages." *Id.* at *8. Accordingly, the court denies the request to compel Thetford and DKM to produce financial documents at this time.

### 2. Privilege Log

Plaintiffs contend Defendants asserted privilege in response to numerous interrogatories and requests for production of documents but did not produce a privilege log. Pls.' Mem. [DE-27] at 7. Plaintiffs also assert they attempted to discuss Defendants' discovery responses with counsel and have been ignored. *Id.* Plaintiffs ask the court to order production of a privilege log or alternatively to deem the privilege waived for failure to produce a log. *Id.* at 8. Defendants

3

respond that the parties agreed, and the court ordered in its Scheduling Order, that "[i]f a privilege log is deemed necessary, the party claiming privilege . . . will prepare a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5)." Defs.' Resp. [DE-32] at 6. Defendants dispute that Plaintiffs ever requested a privilege log or "deemed it necessary" for Defendants to produce one. *Id.* at 7. Finally, Defendants argue that it would be unreasonable to force Defendants to produce a privilege log regardless of any other objection raised where Defendants have raised numerous other objections. *Id.*

The court has reviewed the correspondence provided by the parties regarding their attempts to meet and confer, [DE-27-7, -32-5], and finds that they have failed to comply with Local Civ. R. 7.1(c)(2), which requires counsel to confer in a good faith to attempt to resolve a discovery dispute prior to filing any discovery motion. That obligation is not satisfied by an exchange of written correspondence; rather, counsel should at a minimum conduct a telephone conference in an attempt to resolve the dispute prior to filing a motion. The good faith communication requirement is not merely technical but promotes the orderly resolution of discovery disputes. *Lloyd v. New Hanover Reg'l Med. Ctr.*, No. 7:06-CV-130-D, 2009 WL 674394, at *1 (E.D.N.C. Mar. 11, 2009). The court may summarily deny a discovery motion for failure to satisfy the meet and confer requirement. *See Bethea v. Ellis*, No. 5:16-CV-178-D, 2017 WL 2473170, at *3 (E.D.N.C. June 7, 2017). The court in its discretion finds that good faith communications between counsel on this issue are likely to render efficiencies to the parties and the court by eliminating or, at a minimum, narrowing the issues in dispute. *See* Fed. R. Civ. P. 1 (providing the Rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Accordingly, the court denies relief on this issue for failure to meet and

4

confer in conformity with the Local Rules. Should counsel fail to resolve the issues, Plaintiffs may renew their request for relief.

### 3. Rule 30(b)(6) Depositions

Plaintiffs contend Defendants refused to confer regarding scheduling Rule 30(b)(6) depositions and only recently engaged with Plaintiffs on the 30(b)(6) topics. Pls.' Mem. [DE-27] at 8–9. Defendants disagree and assert that they objected to the proposed 30(b)(6) topics and took the position that once the parties resolved their dispute regarding the topics, they could work to schedule the depositions. Defs.' Mem. [DE-32] at 9. As with the privilege log dispute, the court finds that there has been a failure to comply with the meet and confer requirement of Local Civ. R. 7.1(c)(2). It also appears that counsel belatedly engaged on this issue and thus the request to require Defendant to confer is moot. Accordingly, the court denies relief on this issue for failure to meet and confer in conformity with the Local Rules. Should counsel fail to resolve the issue, Plaintiffs may renew their request for relief.

### 4. Fees and Costs

Plaintiffs' request for an award of their fees and costs associated with bringing the motion to compel are denied. Fed. R. Civ. P. 37(a)(5)(A).

Accordingly, for the reasons stated above, Plaintiffs' motion to compel, [DE-26], is denied.

SO ORDERED, the 11th day of January 2024.

*/s/ Robert B. Jones, Jr.*

Robert B. Jones, Jr.
United States Magistrate Judge