IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-87-D

|  |  |  |
|---|---|---|
| DAN WAGNER and PHYLLIS CHEESEMAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | O R D E R |
| NORCOLD, INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Plaintiffs' motions to compel written discovery, a Rule 30(b)(6) deposition, and the deposition of Defendants' expert Kim May, [DE-37, -40, -50]; Plaintiffs' unopposed motion for an expedited status conference, [DE-54]; and Defendants' unopposed motion for leave to file exhibits to Norcold's response in opposition to Plaintiffs' motion to compel a Rule 30(b)(6) deposition, [DE-45]. Defendants filed responses in opposition to Plaintiffs' motions to compel. [DE-43, -44, -53]. For the reasons that follow, Defendants' motion for leave to file exhibits is allowed, Plaintiffs' motion to compel written discovery is allowed in part and denied in part, Plaintiffs' motion to compel a Rule 30(b)(6) deposition is allowed in part and denied in part, Plaintiffs' motion to compel the deposition of Defendants' expert Kim May is allowed, and Plaintiffs' motion for an expedited status conference is denied.

## I.    BACKGROUND

Plaintiffs Dan Wagner and Phyllis Cheeseman ("Wagner" and "Cheeseman" or collectively, "Plaintiffs") brought this action against Defendants Norcold, Inc. ("Norcold"), Thetford Corporation ("Thetford"), and Dyson-Kissner-Moran Corporation ("DKM")

(collectively, "Defendants") for defective design and negligence after a Series 1210 Norcold refrigerator (the "subject refrigerator"), which was installed in a 2003 Fleetwood Discovery RV parked on Cheeseman's property, allegedly caught fire on November 24, 2022, destroying Wagner's motorcycle repair shop, which was located inside of one of Cheeseman's outbuildings. Compl. [DE-1] ¶¶ 11–19. Plaintiffs contend that the subject refrigerator is one of many allegedly defective gas absorption refrigerators that Defendants have sold since 1996 (namely, the N6, N8, and 1200 Series refrigerators), all of which share common cooling unit technology that is prone to catching fire. *Id.* ¶¶ 20–32. According to Plaintiffs, Norcold issued several voluntary recalls for its various refrigerator models because of this shared technology and its fire risk between 2000 and 2010, and over 3,000 Norcold refrigerator-related fires have been reported in the past fifteen years. *Id.* ¶¶ 22–28. Notably, the subject refrigerator was not under recall at the time of the fire and Plaintiffs assert that all previous cooling unit recall work was completed in 2011. *Id.* ¶¶ 14–16. However, Plaintiffs contend that fires involving Norcold refrigerators are "still occurring even though recall work has been performed, including recall work associated with the High Temperature Sensor (HTS) installation [which was performed on the subject refrigerator in 2011]." *Id.* ¶ 27.

It is unclear from the briefings and exhibits when Plaintiffs initially served discovery in this case, but Defendants served their responses to Plaintiffs' first set of discovery on August 11, 2023. Pls.' Mem. [DE-38] at 3. The parties exchanged several emails regarding Defendants' responses, and on November 2, 2023, Plaintiffs filed their first motion to compel discovery from Defendants, requesting that the court order Defendants to produce relevant documents concerning Thetford and DKM's net worth and a privilege log, or in the alternative, find that all privileges have been waived, and order Defendants to schedule a Rule 30(b)(6) deposition. Pls.' Mot. [DE-

2

26] at 1. The court denied the motion on January 11, 2024, in part because the parties failed to comply with Local Civ. R. 7.1(c)(2), which requires counsel to confer in a good faith attempt to resolve a discovery dispute prior to filing any discovery motion. [DE-36] at 4–5. In the order, the court permitted Plaintiffs to renew their motion to compel if counsel failed to resolve the relevant discovery issues. *Id.*

On February 2, 2024, Plaintiffs filed the instant motions to compel written discovery and a Rule 30(b)(6) deposition, and on March 1, 2024, they filed the motion to compel the deposition of Defendants' expert Kim May. [DE-37, -40, -50]. Plaintiffs have also separately filed declarations in support of the earlier motions to compel. [DE-39, -42]. Defendants oppose the motions, [DE-43, -44, -53], and filed an unopposed motion for leave to file exhibits to Norcold's response in opposition to Plaintiffs' motion to compel a Rule 30(b)(6) deposition, [DE-45], as well as a declaration supporting the same, [DE-46]. The discovery period is currently set to conclude on June 21, 2024, [DE-49], and Plaintiffs filed an unopposed motion for an expedited status conference on May 15, 2024, [DE-54].

## II.    ANALYSIS

### i.    Plaintiffs' Motions to Compel

Rule 26 provides the general rule regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party."

3

*Prasad v. Nallapati*, 597 F. Supp. 3d 842, 846 (E.D.N.C. 2022) (first quoting *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); then citing *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978))). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized

4

statements fail to satisfy this burden as a matter of law." *Prasad*, 597 F.3d at 846 (quoting *Mainstreet Collection*, 270 F.R.D. at 240).

## A. Plaintiffs' Motion to Compel Written Discovery

Plaintiffs seek an order from the court compelling Defendants to fully respond to written discovery, deeming Defendants' asserted privileges waived in the absence of a privilege log, and awarding Plaintiffs their fees and costs associated with bringing the motion. Pls.' Mot. [DE-37] at 1. In support, Plaintiffs identify several perceived deficiencies in Defendants' discovery responses, including Defendants' responses to certain interrogatories, requests for admission, and requests for production of documents, and Defendants' failure to produce a privilege log. Pls.' Mem. [DE-38] at 7–11. Plaintiffs attached several exhibits, including, *inter alia*, email correspondence between counsel, Defendants' discovery responses, and an unfiled stipulated protective order. [DE-39-1 to -23]. Defendants oppose the motion and attached several exhibits of their own, including Wagner's responses to Defendants' requests for production of documents, email correspondence between counsel, and a declaration of Defendants' counsel, Todd Foss. [DE-43]. For the following reasons, the motion is allowed in part and denied in part, and Plaintiffs' request for an award of their fees and costs is denied.

### 1. Privilege Log

Plaintiffs contend that Defendants are required by Federal Rule of Civil Procedure 26(b)(5)(A) to produce a privilege log, that Defendants have failed to produce a privilege log despite Plaintiffs' previous requests to do so, and that as a result, the court should deem all privileges waived. Pls.' Mem. [DE-38] at 10. Defendants claim that Plaintiffs never requested a privilege log prior to filing their first motion to compel, and that after the court issued its January 11, 2024 order denying the requested relief, Plaintiffs first sought production of a privilege log via

5

email on that same date. Defs.' Resp. [DE-43] at 3. According to Defendants, while the parties conducted multiple telephone conferences thereafter regarding Plaintiffs' complaints as to Defendants' discovery responses, the privilege log issue was never raised. *Id.* Defendants state that they have never refused to produce a privilege log, but at this juncture, creating one is "wholly unreasonable and impractical" because of the scope of Plaintiffs' discovery requests. *Id.* at 4. Anticipating Defendants' argument, Plaintiffs' motion specifically addresses the latter, contending that Defendants' other objections "should not function as an excuse for Defendants to avoid producing a privilege log and deprive Plaintiffs the opportunity to evaluate the claims." Pls.' Mem. [DE-38] at 10–11.

> The parties' joint Rule 26(f) report provides that,

> If a privilege log is deemed necessary, the party claiming privilege and/or attorney work product will prepare a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5). In the event that privileged information is unintentionally or inadvertently produced, the parties agree to employ a 'clawback' provision in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

[DE-19] at 3. The court finds that a privilege log is necessary to address any privilege concerns that may remain after entry of this order and denies Plaintiffs' request to deem any of Defendants' asserted privileges waived. Thus, to the extent that Defendants still claim that documents or other information requested by Plaintiffs in the instant motion to compel are protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, they should so indicate in a privilege log that comports with Fed. R. Civ. P. 26(b)(5).

### 2. Interrogatories

Plaintiffs ask the court to strike Thetford and DKM's objections to Plaintiffs' Interrogatory Nos. 1–2 and Norcold's objections to Interrogatory Nos. 1, 3–6, and 14, and compel Defendants to provide meaningful responses to these interrogatories prior to Norcold's as-yet unscheduled

6

Rule 30(b)(6) deposition. Pls.' Mem. [DE-38] at 8. Plaintiffs contend that Defendants' existing responses are rife with boilerplate and unwarranted objections as "[a]ll these interrogatories relate to the boiler tube defect at issue in this case and as such are limited in number and limited in scope." *Id.* at 7–8.

Defendants aver that the above-quoted language from Plaintiffs' motion is a "clear misrepresentation to the Court [of the interrogatories' content]" and Defendants' objections are neither boilerplate nor without merit. Defs.' Resp. [DE-43] at 9–11. Further, Defendants argue that because Plaintiffs have mischaracterized the relevant interrogatories, failed to provide a basis as to why Defendants' limited objections to each interrogatory should be stricken, and failed to explain why the Defendants should be ordered to provide any further answers, Plaintiffs have violated Local Rule 7.1(c)(2) and their request for relief should be denied. *Id.*

Turning first to Defendants' contentions regarding the Local Rules, Local. Civ. R. 7.1(c)(2) provides that,

> No discovery motion will be considered by the court unless the motion sets forth or has attached thereto, by item, the specific question, interrogatory, etc., with respect to which the motion is filed and any objection made along with the grounds supporting or in opposition to the objection. The movant must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions.

When a party fails to comply with Local Rule 7.1, a court may deny its motion. *Higgins v. Spence & Spence*, PA, No. 5:07-CV-33-D(1), 2009 WL 536069, at *2 (E.D.N.C. Mar. 3, 2009) (collecting cases); *see Laschkewitsch v. Legal & Gen. Am., Inc., d/b/a Banner Life Ins. Co.*, No. 5:15-CV-251-D, 2017 WL 1012996, at *2 (E.D.N.C. Mar. 14, 2017). However, "the plain language of the rule requires an itemized list of challenged discovery responses," *United States v. $307,910.00 in U.S. Currency*, 156 F. Supp. 3d 708, 722 (E.D.N.C. 2016), and in the instant case, Plaintiffs have specifically identified the interrogatory responses they find objectionable, explained their reasons

7

for objecting to Defendants' responses, and attached those responses as exhibits, Pls.' Mem. [DE-38] at 7–8; [DE-39-2 to -4]. Thus, the court finds that Plaintiffs have not violated Local Rule 7.1(c)(2) and denying the instant motion on this basis is inappropriate.

### a. Thetford and DKM's Responses to Interrogatory Nos. 1 and 2

Interrogatory No. 1 asks Thetford and DKM to "[i]dentify every person who was consulted, provided information for, or assisted in answering any of the following interrogatories and, for each person, identify the interrogatory upon which he/she consulted or assisted in answering." Pls.' Mot. Ex. 2 [DE-39-2] at 3; Pls.' Mot. Ex. 3 [DE-39-3] at 3.[1] Thetford and DKM provided the same response but for the relevant company name:

> Objection. These discovery requests are addressed to a legal entity, not to an individual, and the responses of Thetford herein do not constitute, nor are they derived from, the personal knowledge of any single individual. The responses herein are made on behalf of Thetford, and the identity of the person(s) who assisted in the preparation of the responses to these discovery requests is not relevant. Thetford's responses include record information, the contents of which may be provided by numerous individuals, departments and/or various other sources and which may not be attributable or traceable to any particular individual at all, as well as other information that represents Thetford's corporate knowledge. Thetford also objects to this interrogatory because it calls for information that is protected from disclosure by the attorney-client privilege, work product doctrine, and/or consulting expert privilege and potentially calls for private and personal information about individuals that is not subject to disclosure. Thetford further objects to this interrogatory because it improperly seeks to force Thetford to prematurely disclose information about its expert witnesses prior to the Court-ordered deadline for expert witness disclosures. Subject to and without waiving these objections, Thetford answers as follows: The answers to these interrogatories are the corporate responses of Thetford derived from multiple sources of information and compiled into these answers with the assistance of counsel for Thetford.

*Id.*

The undersigned finds Defendants' responses to Interrogatory No. 1 inadequate. *See Pajak v. Under Armour, Inc.*, No. 1:19-CV-160, 2020 WL 265205, at *5 (N.D.W. Va. Jan. 17, 2020)

---

[1] This order refers to the page number given in the CM/ECF footer where, as here, that number differs from the relevant document's internal pagination.

(finding such discovery requests are "standard and necessary for the progress of the case"); *McBride v. Medicalodges, Inc.*, Nos. 06-2535-JWL-GLR, 06-2536-JWL-GLR, 06-2538-JWL-GLR, 2008 WL 650336, at *5 (D. Kan. Mar. 6, 2008) ("If no one other than defense counsel provided information to answer these interrogatories, then Defendant should state that in its supplemental answer"); *Searcy v. eFunds Corp.*, No. 08 C 985, 2010 WL 2921636, at *10 (N.D. Ill. July 22, 2010); *Smith v. State Farm Lloyds, Inc.*, No. 4:21-CV-837, 2023 WL 123502, at *4 (E.D. Tex. Jan. 6, 2023); *E.E.O.C. v. Sterling Jewelers Inc.*, No. 08-CV-00706(A)(M), 2012 WL 1680811, at *4–5 (W.D.N.Y. May 14, 2012). Accordingly, Plaintiffs' motion to compel is allowed with respect to Interrogatory No. 1 as served on Defendants DKM and Thetford, and DKM and Thetford are directed to provide a responsive answer by no later than June 21, 2024.

Interrogatory No. 2 requests that Defendants Thetford and DKM "[d]escribe the corporate structure of DKM [or Thetford] and the nature and relationship of all of the corporate entities, Norcold, Thetford, and DKM." Pls.' Mot. Ex. 2 [DE-39-2] at 3; Pls.' Mot. Ex. 3 [DE-39-3] at 3. DKM responded with the following:

> DKM objects to this interrogatory because it is vague and ambiguous as worded and because it assumes facts not in evidence. Subject to and without waiving these objections, DKM answers as follows: DKM is a corporation organized under the laws of Delaware, with its principal place of business in Poughkeepsie, New York. DKM is a privately-owned holding company. DKM does not develop, design, manufacture, assemble, inspect, test, label, supply, distribute, or install Norcold refrigerators, including the Norcold refrigerator that is alleged to be at issue in this lawsuit. Thetford is a limited liability company organized under the laws of Delaware with its principal place of business in Ann Arbor, Michigan. Thetford manufactures toilets and related sanitation products for recreational vehicles and boats. Thetford does not develop, design, manufacture, assemble, inspect, label, sell, distribute, or lease Norcold refrigerators, including the Norcold refrigerator that is alleged to be at issue in this lawsuit. In 1988, DKM acquired Thetford, and Thetford became a subsidiary of DKM. In 1997, Thetford acquired Norcold. Norcold is a subsidiary of Thetford. In December 2021, DKM sold Thetford. Norcold, Thetford, and DKM are all distinct legal entities.

9

Pls.' Mot. Ex. 2 [DE-39-2] at 3–4. Thetford's response is substantively identical. Pls.' Mot. Ex. 3 [DE-39-3] at 3–4.

Boilerplate objections without support are disfavored and may be stricken by the court. *Daniels v. Hyster-Yale Grp., Inc.*, No. 5:19-CV-00531-FL, 2020 WL 2334088 at \*4 (E.D.N.C. May 11, 2020) (emphasis added) (citing *Kinetic Concepts, Inc. v. ConvaTec, Inc.*, 268 F.R.D. 226, 241 (M.D.N.C. 2010) ("[M]agistrate judges in at least five district courts in the Fourth Circuit have declared boilerplate objections to discovery requests . . . invalid."); *Hy-Ko Prods. Co. v. Hillman Grp., Inc.*, No. 5:09-MC-00032, 2009 WL 3258603, at \*2 (E.D.N.C. Oct. 8, 2009) ("Generally, the mere cry of burdensomeness or irrelevance without any statement in support of these objections is disfavored by the court."); *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 533 (E.D.N.C. 2012) (granting motion to compel where plaintiff's responses to defendant's interrogatories and requests for production "comprise[d] nothing but a laundry list of boilerplate objections" and "failed to articulate any specific objection to any particular interrogatory or request for production")).

Here, DKM and Thetford contend that Interrogatory No. 2 is vague, ambiguous, and assumes facts not in evidence without making any attempt to identify the specific language in Interrogatory No. 2 that is vague, ambiguous, or assumes facts not in evidence. The undersigned finds that this language is boilerplate, *Hy-Ko Prods. Co.*, WL 3258603, at \*2, but that DKM and Thetford have sufficiently responded notwithstanding their objections, Pls.' Mot. Ex. 2 [DE-39-2] at 3–4; Pls.' Mot. Ex. 3 [DE-39-3] at 3–4. Accordingly, Plaintiffs' motion to compel is overruled with respect to Interrogatory No. 2 as served on Defendants DKM and Thetford.

Case 5:23-cv-00087-D-RJ   Document 55   Filed 05/24/24   Page 10 of 30

**b. Norcold's Responses to Interrogatory Nos. 1, 3–6, and 14**

Interrogatory No. 1, as served on Norcold, is identical to Interrogatory No. 1 as served on

DKM and Thetford. Pls.' Mot. Ex. 4 [DE-39-4] at 3. Norcold's response is also nearly identical to

the answers given by DKM and Thetford, *id.*, and as such, Plaintiffs' motion to compel is allowed

with respect to Interrogatory No. 1 as served on Defendant Norcold and Norcold is directed to

provide a responsive answer by no later than June 21, 2024.

Interrogatory No. 3 asks Norcold to "[i]dentify and describe, in reasonable detail, every

mistake, misuse, abuse, lack of care, negligence, and improper or inadequate act, whether by act

or omission, that was committed by any person, entity, or party (including, without limitation, the

Plaintiffs), whether or not a party to this lawsuit, that you contend contributed, directly or

indirectly, to cause the incident and/or the damages alleged to be suffered pursuant to the claims

asserted in this lawsuit including, without limitation, the identity of the person who committed the

respective act; and the date and place where each act was committed." Pls.' Mot. Ex. 4 [DE-39-4]

at 4. Norcold responded with the following:

> Norcold objects to this interrogatory because it improperly seeks to force Norcold
> to marshal its evidence in response to a discovery request. Norcold further objects
> to this interrogatory because it improperly seeks to force Norcold to prematurely
> disclose the findings, observations, mental impressions, opinions, and conclusions
> of its expert witnesses before the Court-ordered deadline for expert witness
> disclosures. Norcold further objects to this interrogatory because it seeks to invade
> the work product doctrine and force Norcold to disclose its trial strategy. Norcold
> also objects to this interrogatory because it is premature. Subject to and without
> waiving these objections, Norcold answers as follows: This interrogatory is
> premature, as investigation into the origin and cause of the subject fire is currently
> ongoing and discovery is still in its early stages. Norcold will supplement this
> answer at a later date as appropriate, after discovery has progressed and Norcold
> has made its expert disclosures.

*Id.*

11

The Federal Rules allow parties to serve interrogatories that "ask[] for an opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2). This type of request, known as a contention interrogatory, asks a party to do one or more of the following: "(1) state its contentions or clarify whether it is making a contention, (2) articulate the facts underlying a contention, (3) assert a position or explain that position in relation to how the law applies to the facts, and (4) explain the legal or theoretical basis behind a contention." *Johnson v. N.C. Dep't of Justice*, No. 5:16-CV-00679-FL, 2018 WL 5831997, at \*7 (E.D.N.C. Nov. 7, 2018) (quoting *Capacchione v. Charlotte-Mecklenburg Schs.*, 182 F.R.D. 486, 489 (W.D.N.C. 1998)). Interrogatory No. 3 clearly falls within this category as it seeks information from Norcold regarding, *inter alia*, negligence that contributed to the fire that forms the basis of this action, Pls.' Mot. Ex. 4 [DE-39-4] at 4, and Norcold affirmatively pleaded contributory negligence in its answer to the complaint and asserted that it is not legally responsible for the acts, omissions, fault, negligence, and/or other conduct that caused the fire, Answer [DE-10] at 9–12. *See id.*

Presuming that Norcold's counsel complied with Rule 11, there must be some factual support for the denials and defenses raised in Norcold's answer. When an attorney signs an answer denying a complaint's factual allegations and asserting defenses, the attorney is certifying, among other things, that "to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(4). Thus, Norcold's implication that it does not currently possess any of the information requested in Interrogatory No. 3 cannot be correct. *See Johnson*, 2018 WL 5831997, at \*7–8. Accordingly, Plaintiffs' motion to compel is

12

allowed with respect to Interrogatory No. 3 and Norcold is directed to provide a responsive answer by no later than June 21, 2024.

Interrogatory No. 4 states, "If you have any knowledge of the existence of any hazard, danger, alleged defect or defective condition (including any deficiency or defect in warnings or instructions) regarding the refrigerator and/or its component parts which may be related to refrigerator fires, please describe it and, in so doing, state when you or your representatives, predecessors or successors first learned of the existence of such alleged hazards or defective conditions giving the date and time, if possible; what action or actions, if any, you or your representatives, predecessors or successors took to remove, repair or correct such hazard, defect or defective condition so as to safeguard the Plaintiffs or any other users of the refrigerator; and the identity of the persons with knowledge of the events, process, conduct and/or decisions described above." Pls.' Mot. Ex. 4 [DE-39-4] at 4. Norcold responded with the following:

> Norcold objects to this interrogatory because it is vague and ambiguous as worded, assumes facts not in evidence, and is improperly argumentative. Norcold further objects to this interrogatory because it is not properly limited in scope as to either time or subject matter. Norcold also objects to this interrogatory as improperly multifarious and compound in nature. Subject to and without waiving these objections, Norcold answers as follows: Norcold 1200 Series gas absorption refrigerators with properly installed High Temperature Sensor (HTS) devices are not defective.

*Id.* Notably, Norcold provided no reasoning for its assertion that Interrogatory No. 4 is vague, ambiguous as worded, improperly argumentative, or assumes facts not in evidence, rendering these objections boilerplate. *See Hy-Ko Prods. Co.*, WL 3258603, at *2. However, the undersigned finds that, in the absence of a more specific argument to the contrary from Plaintiffs, Norcold has sufficiently responded notwithstanding its objections. Accordingly, Plaintiffs' motion to compel is overruled with respect to Interrogatory No. 4.

13

Interrogatory No. 5 instructs Norcold to "[i]dentify and describe any changes in the design or manufacturing of Norcold refrigerators since production of the Refrigerator in Question, which in any way relate to the cooling unit or the safety fuse." Pls.' Mot. Ex. 4 [DE-39-4] at 5. Norcold responded with:

> Norcold objects to this interrogatory because it is vague and ambiguous as worded. Norcold also objects to this interrogatory because it is overly broad, not properly limited in scope as to either time or subject matter, and seeks information not relevant to this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). Subject to and without waiving these objections, Norcold answers as follows: This interrogatory improperly calls for a detailed narrative description of technical information relating to Norcold refrigerators. Information relating to the design and manufacture of the subject Norcold refrigerator may be obtained through the deposition of Norcold.

*Id.* Interrogatory No. 6 asks Norcold to "[i]dentify and describe all features you contend are designed and/or manufactured into the Model Refrigerator in Question and its component parts to prevent cooling unit leaks from occurring and containing a fire that does occur. *Id.* Norcold responded:

> Norcold objects to this interrogatory because it is vague and ambiguous as worded, assumes facts not in evidence, sets forth an improper and incomplete hypothetical, is improperly compound in nature, and is improperly argumentative. Subject to and without waiving these objections, Norcold answers as follows: Because this interrogatory is vague and ambiguous, assumes facts not in evidence, sets forth an improper and incomplete hypothetical, is improperly compound in nature, and is improperly argumentative, Norcold is unable to answer the interrogatory as worded.

*Id.*

The court finds that Norcold's responses to Interrogatory Nos. 5 and 6 are comprised of nothing but boilerplate objections, *see Hy-Ko Prods. Co.*, WL 3258603, at *2, and that several of these objections have a questionable legal basis at best, *see, e.g, Brock v. Hooker Chemical & Plastics Corp.*, No. 83 C 8383, 1985 WL 2120, at *1 (N.D. Ill. July 24, 1985) ("an answer to an interrogatory is improper if it merely refers to answers to other interrogatories, and an answer which states that the information may be obtained by deposition is insufficient"). Thus, Plaintiffs'

14

motion to compel is sustained with respect to Interrogatory Nos. 5 and 6, and Norcold is directed to provide responsive answers by no later than June 21, 2024.

Finally, Interrogatory No. 14 asks Norcold to identify all "employee(s), agent(s) or representatives of Norcold" who were involved in designing, manufacturing, and selling the subject refrigerator; testing, inspecting, and investigating the subject refrigerator before and after the fire that allegedly damaged Plaintiffs' property; changing the design and/or manufacturing process of Norcold refrigerators since production of the subject refrigerator; investigating, researching, and responding to fire claims, notices, demands, and consumer complaints since 2003; investigating, researching, and responding to recalls, claims, notices, demands, complaints or inquiries received from any subdivision of the federal government in the past ten years; selling or purchasing the subject refrigerator; and performing work on, repairs to, or modifications of the subject refrigerator. Pls.' Mot. Ex. 4 [DE-39-4] at 8–11.

Given the composite nature of Interrogatory No. 14, Norcold provided several objections and responses to each subpart. *Id.* For the sake of brevity, the court summarizes Norcold's response as follows: Norcold generally objects, *inter alia*, to the scope of Interrogatory No. 14 and responds to subparts 1, 2, 3, and 5 by stating that Plaintiffs may obtain additional information through the 30(b)(6) deposition of Norcold, to subpart 4 by stating that it will supplement its answer after disclosing its experts, and to subparts 8 and 9 by answering "None." *Id.* Norcold provided no substantive response to subparts 6 and 7. *Id.* at 10.

Turning first to subparts 1, 2, 3, and 5, the court finds that Norcold failed to provide any factual support for its repeated assertion that Interrogatory No. 14 is, *inter alia*, overly broad and not reasonably limited in scope, and as a result, these objections are boilerplate. *See Hy-Ko Prods. Co.*, WL 3258603, at *2. Additionally, the undersigned finds that Norcold's general response that

15

Plaintiffs may obtain more specific information by deposing Norcold is inadequate. *See Brock*, 1985 WL 2120, at \*1; *Matalavage v. Sheriff of Niagara Cnty.*, 20-CV-1254Sk(F), 2023 WL 2043865, at \*8 (W.D.N.Y. Feb. 13, 2023). Thus, Plaintiffs' motion to compel is allowed with respect to Interrogatory No. 14 subparts 1, 2, 3, and 5, and Norcold is directed to provide a responsive answer by no later than June 21, 2024.

Plaintiffs' motion to compel is also allowed with respect to Interrogatory No. 14, subpart 4, as the deadline for expert disclosures has passed. [DE-31]. Norcold is directed to provide a responsive answer by no later than June 21, 2024.

Norcold's responses to subparts 6 and 7 are solely comprised of almost identical objections to breadth, scope, and relevance. Pls.' Mot. Ex. 4 [DE-39-4] at 10. However, the court finds that these objections do not constitute waivable boilerplate, as Norcold justifies its objections by qualifying in subpart 6 that the interrogatory "seeks information covering a 20-year period pertaining to claims, notices, demands, and complaints that are completely unrelated to the occurrence made the basis of this lawsuit," and in subpart 7 that the same is true for the 10-year period preceding this lawsuit. *Id.* In a previous case involving a fire allegedly caused by a Norcold refrigerator, the court elected to limit discovery of past claims, complaints, and lawsuits against Norcold to the three years prior to the alleged incident. *See Cohen v. Norcold*, No. 5:20-CV-170-BO, 2022 WL 17365231, at \*4–12 (E.D.N.C. Dec. 1, 2022). Given the scale of Norcold fire litigation, the undersigned finds that such a limitation is appropriate here. Accordingly, Plaintiffs' motion to compel is allowed with respect to Interrogatory No. 14, subparts 6 and 7, but Norcold's response shall be limited to the three years prior to the alleged incident that occurred in this case. Norcold is directed to provide a responsive answer by no later than June 21, 2024.

16

Finally, with respect to subparts 8 and 9, the court finds that, notwithstanding the boilerplate "assumes facts not in evidence" objection, Norcold has sufficiently responded by stating "None." Therefore, Plaintiffs' motion to compel is overruled as to Interrogatory No. 14, subparts 8 and 9.

### 3. Requests for Admission

Plaintiffs move to overrule Norcold's objections in response to their to Requests for Admission ("RFA") Nos. 2–8, 10–12, 14–23, 26–27, 29–38, 43, 45–47, 49, 52–54, 56, 58–61, 65–68, 71–72, 76, 78–85, and 88–94. Pls.' Mot. [DE-38] at 8–9. According to Plaintiffs, "Norcold asserted five (5) general objections incorporated by reference to all [of the indicated] RFAs and a variety of additional boiler plate objections in all [indicated] responses." *Id.* at 8. As a result, Plaintiffs argue that Norcold's responses are "clearly improper and not in compliance with the spirit of the Federal Rules," as highlighted by the out-of-circuit cases *Marchland v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994) and *Taylor v. Cnty. of Calaveras*, No. 18-CV-00760-BAM, 2019 WL 6341131, at *3 (E.D. Cal. Nov. 27, 2019). *Id.*

Norcold responds by highlighting that Plaintiffs' motion only addresses RFA Nos. 33 and 72 and fails to argue why any of the other challenged responses should be overruled. Defs.' Mot. [DE-43] at 7–8. Consequently, Norcold contends that Plaintiffs' motion violates Local Rule 7.1(c)(2) and that Plaintiffs' request for relief should be denied with respect to the remaining RFAs. *Id.* Norcold also avers that its objections to RFA Nos. 33 and 72 are proper. *Id.*

Turning first to Norcold's Local Rule 7.1(c)(2) contentions, the court finds that, while Plaintiffs have not laid out their objections to Norcold's responses request by request, they have specifically identified the responses they find objectionable, explained their reasons for objecting to Norcold's responses, and attached those responses as exhibits. Pls.' Mem. [DE-38] at 8–9; [DE-

17

39-5]. Thus, the court finds that Plaintiffs have not violated Local Rule 7.1(c)(2) and denying the instant motion on this basis is inappropriate.

Looking to the substance of Norcold's responses to Plaintiffs' RFAs, Plaintiffs have identified sixty-seven responses as deficient, though they have only described Norcold's responses to RFA Nos. 33 and 72 in detail. Pls.' Mem. [DE-38] at 8–9. In RFA No. 33, Plaintiffs asked Norcold to "[a]dmit that a perfectly installed High Temperature Sensor will not prevent failure of the boiler tube." Pls.' Mot. Ex. 5 [DE-39-5] at 10. Norcold responded with the following:

> Norcold incorporates by reference the foregoing general objections. Norcold also objects to this request because it is vague and ambiguous as worded, assumes facts not in evidence, and presents an incomplete hypothetical. Subject to and without waiving these objections, Norcold responds as follows: Because the term 'failure' is not defined, the meaning of the request is vague, ambiguous, and uncertain, and Norcold is therefore unable to admit or deny the request as worded; however, out of an abundance of caution, the request is denied as worded.

*Id.* RFA No. 72 asked Norcold to "[a]dmit that hydrogen is combustible." *Id.* at 18. Norcold responded by stating that,

> Norcold incorporates by reference the foregoing general objections. Norcold also objects to this request because it is vague and ambiguous as worded, assumes facts not in evidence, and presents an incomplete hypothetical. Subject to and without waiving these objections, Norcold responds as follows: Because this request poses an incomplete and unrestrained hypothetical, Norcold is unable to admit or deny the request as worded; however, out of an abundance of caution, the request is denied as worded.

*Id.*

A review of the remaining sixty-five flagged responses reveals the same general formula: Norcold asserts a variety of boilerplate objections, then proceeds to deny the Request (RFA Nos. 8, 26, and 88), deny the Request as worded (RFA Nos. 2–4, 10–12, 17, 27, 38, 45, 49, 54, 58, 67, 78–80, 82–85, 90, and 92), admit part of the Request but deny the remainder outright or as worded (RFA Nos. 6–7, 15–16, and 29–31), or state that it is unable to admit or deny the Request, but out

18

of an abundance of caution, denies the Request as worded (RFA Nos. 5, 14, 18–23, 32–37, 43, 46–47, 52–53, 56, 59–61, 65–66, 68, 71–72, 76, 81, 89, 91, and 93–94). *Id.* at 3–24. Since Norcold has failed to provide any factual support for its repeated assertion that Plaintiffs' RFAs are, *inter alia*, vague and ambiguous as worded, the undersigned finds that Norcold has waived these objections and will not consider them in evaluating the substance of Norcold's responses. *See Daniels*, 2020 WL 2334088 at *4.

The Federal Rules of Civil Procedure provide as follows:

[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). If the court finds "that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). "Courts most often declare a matter admitted when a responding party answers a Rule 36 request evasively or in bad faith." *Jones v. Crum & Forster Specialty Ins. Co.*, No. 7:22-CV-00025-FL, 2023 WL 363745, at *2 (E.D.N.C. Jan. 23, 2023) (citing *House v. Giant of Md., LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005) ("Gamesmanship in the form of non-responsive answers, vague promises of a future response, or quibbling objections can result in the request being deemed admitted.")).

Applying Fed. R. Civ. P. 36(a)(4) to Norcold's responses, the court overrules Plaintiffs' motion to compel with respect to RFA Nos. 2–4, 6–8, 10–12, 15–17, 26–27, 29–31, 38, 45, 49, 54, 58, 67, 78–80, 82–85, 88, 90, and 92. A denial is a sufficient response under the rule, as is a partial admission paired with a denial. A determination that Norcold's denials are unsupported would be

premature, as Fed. R. Civ. P. 37(c)(2) addresses the consequences of a failure to admit "if the requesting party later proves . . . the matter true . . . ." (emphasis added). Accordingly, Norcold's responses to RFA Nos. 2–4, 6–8, 10–12, 15–17, 26–27, 29–31, 38, 45, 49, 54, 58, 67, 78–80, 82–85, 88, 90, and 92 are sufficient.

Norcold's responses to RFA Nos. 5, 14, 18–23, 32–37, 43, 46–47, 52–53, 56, 59–61, 65–66, 68, 71–72, 76, 81, 89, 91, and 93–94 all contain the statement that "Norcold is unable to admit or deny the request as worded; however, out of an abundance of caution, the request is denied as worded." Pls.' Mot. Ex. 5 [DE-39-5] at 3–24. Fed. R. Civ. P. 36(a)(4) provides that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." The undersigned finds that Norcold's above-listed response does not constitute a specific denial, as it contains both a denial *and* an explicit statement that Norcold is unable to respond, and further finds that Norcold has not stated in detail why the answering party cannot truthfully admit or deny the indicated RFAs. *See* Fed. R. Civ. P. 36(a)(4). Accordingly, Plaintiffs' motion to compel is allowed with respect to RFA Nos. 5, 14, 18–23, 32–37, 43, 46–47, 52–53, 56, 59–61, 65–66, 68, 71–72, 76, 81, 89, 91, and 93–94, and Norcold is directed to provide amended answers to these Requests by no later than June 21, 2024. *See id.*

### 4. Requests for Production

Plaintiffs move to compel the production of documents requested from Norcold in Requests for Production ("RFP") Nos. 9, 42, 46–49, 55, 62, 69, 76, 84, 91, 98, 105–07, 110–12, 114. Pls.' Mot. [DE-38] at 9. Plaintiffs contend that Norcold has asserted boilerplate objections to the indicated requests and has not stated whether it withheld any responsive materials because of its objections. *Id.* at 10. Defendants counter that Plaintiffs have failed to "make any argument whatsoever" related to RFP Nos. 105–07, 110–12, and 114, in violation of Local Rule 7.1(c)(2);

and that with respect to the remaining RFPs, the Plaintiffs "do not give an accurate representation as to what those particular requests seek," and only address Defendants' relevance objection. Defs.' Resp. [DE-43] at 6. Defendants argue that their objections, including the relevance objection, are proper because while Plaintiffs claim that their RFPs are limited to specific refrigerator models and recall timeframes the RFPs seek documents relating to claims, complaints, and lawsuits against Norcold, as well as prior voluntary recalls, spanning the company's entire decades-long history. *Id.* at 6–7.

Turning first to Defendants' Local Rule 7.1(c)(2) contentions, the court finds that, while Plaintiffs have not laid out their objections to Norcold's responses request by request, they have specifically identified the responses they find objectionable, explained their reasons for objecting to Norcold's responses, and attached those responses as exhibits. Pls.' Mem. [DE-38] at 9–10; [DE-39-6]. Thus, the court finds that Plaintiffs have not violated Local Rule 7.1(c)(2) and denying the instant motion on this basis is inappropriate.

Objections to requests for production of documents must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). An objecting party must also "state whether any responsive materials are being withheld on the basis of that objection," and any ground not stated in an objection is considered waived. *Id.* 34(b)(2)(C). To summarize the RFPs before the court, RFP No. 9 seeks copies of any complaint, petition, or similar notification that Norcold has received arising out of any event in which it is alleged a Series 1210 refrigerator caught fire and injured a person or property; RFP Nos. 42 and 46–48 request documents, Incident Files, source data for Incident Logs, and source data for Incident Files pertaining to alleged Norcold refrigerator fires; RFP Nos. 49, 55, 62, 69, 76, 84, 91, and 98 seek documents concerning the decision to implement various Norcold refrigerator recalls, including

communications regarding those recalls; RFP No. 105 requests documents concerning the purchase of Norcold by Thetford; RFP No. 106 seeks production of all documents and databases which track Norcold's fire claim history before and after product safety recalls and retrofits; RFP. No. 107 seeks documents and communications with existing owners of Norcold 1200 Series refrigerators informing them of the redesigned Norcold 1200 Series which Norcold began selling after October 2012; RFP Nos. 110–11 seeks documents relating to any customer complaints or claims alleging failure of the high temperature sensor recall kit and failure of high temperature sensors sold by Norcold for to repair the model refrigerator at issue; RFP No. 112 requests documents relating to any corrective or remedial measures taken by Norcold to prevent potential refrigerator fires in the model refrigerator at issue; and RFP No. 114 seeks production of documents relating to customer complaints, claims, and lawsuits alleging that a fire originated in the model refrigerator at issue. Pls.' Mot. Ex. 6 [DE-39-6] at 7, 21, 23–26, 28, 33, 37–38, 42–43, 47–48, 52–53, 57, 61–65.

Norcold raises a litany of objections to each of the indicated RFPs, some of which are boilerplate. *Id.* However, as relevant here, Norcold's most pertinent commonly raised objections are that Plaintiffs' RFPs are overbroad in scope because they seek documents spanning over a decade-long period at best, and an unlimited time period at worst; Plaintiffs' RFPs are overbroad because they seek information regarding other refrigerator models not at issue in the present lawsuit; Plaintiffs' RFPs impose a significant and undue burden and expense on Norcold to respond given the thousands of refrigerator fire claims the company has fielded for over twenty years; and Plaintiffs' RFPs seek confidential and/or proprietary business information. *Id.* Notably, Norcold does not indicate in any of the flagged responses which documents it is withholding based on its objections. *Id.*

22

Given Norcold's extensive litigation history, the undersigned finds it appropriate to curtail the scope of Plaintiffs' RFPs. In *Cohen*, for example, the court limited discovery of past claims, complaints, and lawsuits against Norcold to the three years prior to the alleged incident. *See* 2022 WL 17365231, at *4–12. The court also held that "[k]nowledge of other fire claims regarding Defendants' gas absorption refrigerator is relevant to Plaintiffs' claims of [defective design and negligence] for purposes of discovery." *Id.* at *4 (citing *Hershberger v. Ethicon Endo-Surgery, Inc.*, No. 2:10-CV-00837, 2012 WL 1113955, at *2 (S.D. W. Va. Mar. 30, 2012) ("It is fairly well-established that evidence of similar incidents may be relevant as direct proof of negligence, a design defect, notice of a defect, or causation.")).

Here, Plaintiffs have alleged that Norcold's N6, N8, and 1200 Series refrigerators are similarly designed and were recalled because of shared design defects. Compl. [DE-1] ¶¶ 21–27. Thus, the court finds that information regarding the design, manufacture, testing, and recall of Norcold N6, N8, and 1200 Series refrigerators is discoverable. *See Cohen*, 2022 WL 17365231, at *4. However, the court will adopt the three-year limitation established in *Cohen* where appropriate, particularly with respect to RFP Nos. 9, 42, 46, 47–48, 110–12, and 114. To the extent that confidentiality and proportionality concerns persist despite the three-year limitation, the court, in its discretion, will allow Defendants fourteen (14) days to file a motion for a protective order to govern the disclosure of any confidential information and/or mitigate the burden of production prior to producing responsive documents.[2] Accordingly, Plaintiffs' motion to compel is allowed

---

[2] *See Revak v. Miller*, No. 7:18-CV-206-FL, 2020 WL 3513239, at *4 (E.D.N.C. June 29, 2020) (citing *Wilson v. Wexford Med.*, No. 3:18-CV-00890, 2020 WL 930112, at *3 (S.D. W. Va. Feb. 26, 2020) ("The 'party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence.'") (quoting *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000)); *Nat'l R.R. Passenger Corp. v. Turner*, No. 4:15-CV-68-BO, 2016 WL 2659546, at *3 (E.D.N.C. May 9, 2016) (finding conclusory assertion that responding to discovery request was unduly burdensome was insufficient to sustain the objection and collecting cases).

with respect to the indicated RFPs, subject to the above-listed parameters. Norcold shall amend its responses by no later than June 21, 2024.

### B. Plaintiffs' Motion to Compel a Rule 30(b)(6) Deposition

Plaintiffs seek an order from the court compelling Norcold to schedule a Rule 30(b)(6) deposition on all of Plaintiffs' requested topics within the next thirty days. Pls.' Mot. [DE-40] at 1. Plaintiffs contend that Defendants have continued to obstruct and delay the discovery process since the court entered its January 11, 2024 order instructing the parties to meet and confer regarding Norcold's Rule 30(b)(6) deposition and have improperly objected to Plaintiffs' proposed deposition topics. Pls.' Mem. [DE-41] at 7–11.

Defendants argue that Plaintiffs have failed to meaningfully engage in the conferral process and that the amended deposition notice, [DE-45-7], is objectionable "in its entirety" because "the number of proposed categories of examination, and the scope of information they collectively request, is overly broad, unduly burdensome, excessive, disproportional to the needs of the case, harassing, unworkable as currently drafted, and constitutes an abuse of the discovery process." Defs.' Mem. [DE-44] at 2–11. Defendants also identify several specific topics as objectionable: Topics 7, 8, 16, 25–26, and 29, which generally seek information related to past lawsuits and claims concerning fires allegedly caused by Norcold products; Topic 9, which seeks "[c]ommunications between or among any combination of Norcold, its Dealers, NHTSA [National Highway Traffic Safety Administration], including but not limited to any communications relating to any investigations or discussions" concerning various Norcold safety recalls; Topics 9–12 and 18–21, which generally seek information pertaining to seven separate Norcold voluntary recalls of refrigerators issued between 2000 and 2010; Topics 13, 22–23, and 27, which generally seek details regarding the design, manufacture, sales, and testing of Norcold N6 and N8 refrigerators;

24

and Topic 27, which seeks information concerning warranty claims regarding Norcold N6, N8 and Series 2000 refrigerators and their cooling units. *Id.*

Turning first to the parties' Local Rule 7.1(c)(2) contentions, in reviewing the briefs and exhibits, it is evident that the communication issues addressed in the court's January 11, 2024 order have not been resolved. The court reminds counsel that the meet and confer requirement is not optional, and that the obligation is not satisfied by an exchange of written correspondence (including email messages). However, the undersigned finds that the parties' sustained failure to communicate warrants judicial intervention at this juncture, thus the court will not deny the instant motion on this basis.

The Federal Rules of Civil Procedure allow a party to name a corporation as a deponent. Fed. R. Civ. P. 30(b)(6). "The named corporation must then designate a witness or witnesses to testify on its behalf, and those witnesses must testify about information 'known or reasonably available to the organization.'" *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) (quoting Fed. R. Civ. P. 30(b)(6)). Importantly, "[t]he proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order. *Id.* (citing *Robinson v. Quicken Loans, Inc.*, No. 3:12–CV–00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013)). It is not entirely clear why Defendants have not moved for a protective order at this advanced stage of the discovery process, but for the sake of efficiency, the court will briefly address Defendants' objections to Plaintiffs' twenty-nine Rule 30(b)(6) deposition topics.

Pursuant to Rule 30(b)(6), Norcold must designate a witness to testify on its behalf. However, while an organizational representative must be reasonably and adequately prepared to answer questions about the relevant deposition topics, they are not expected to be a corporate

Case 5:23-cv-00087-D-RJ   Document 55   Filed 05/24/24   Page 25 of 30

encyclopedia. *Runnels v. Norcold, Inc.*, No. 1:16-cv-713, 2017 WL 3026915, at *1 (E.D. Va. Mar. 30, 2017) (citing Fed. R. Civ. P. 30(b)(6)). To that end, Defendants have proposed producing a representative "to testify generally regarding claims, complaints, and lawsuits made on Norcold for [the three]-year period immediately preceding the fire [that forms] the basis of this [law]suit, without going into the details of the claims, complaints, and lawsuits"; and producing a representative "to testify generally regarding the maintaining of a warranty claim database limited to [the three]-year period immediately prior to the fire [that forms] the basis of this lawsuit, but not regarding any details of the warranty claim database including any details of any warranty claims made." Defs.' Mem. [DE-44] at 8–11. Plaintiffs have not responded to Defendants' suggested limitations, *id.*, and in the absence of an argument to the contrary, the court finds that the three-year limitation is appropriate as applied to Topics 7, 8, 10, 16, 25–27, and 29, and that it is appropriate for Norcold's chosen representative to testify generally regarding the relevant claims, complaints, and lawsuits against Norcold, as well as the warranty claims and warranty claim database. *See Cohen*, 2022 WL 17365231, at *4.

As in their response to Plaintiffs' motion to compel written discovery, Defendants object to Plaintiffs seeking information regarding the design, manufacture, testing, and recall of Norcold N6, N8, and 1200 Series refrigerators. Defs.' Mem. [DE-44] at 9–11. For the reasons explicated *supra*, the court finds that information regarding the design, manufacture, testing, and recall of Norcold N6, N8, and 1200 Series refrigerators is discoverable, provided that Plaintiffs' topics are sufficiently narrowed to comply with the limitations imposed by this order. *See* II.i.A.4.

With respect to Topic 9, which seeks "[c]ommunications between or among any combination of Norcold, its Dealers, NHTSA, including but not limited to any communications relating to any investigations or discussions concerning NHTSA safety recalls No. 00E-031

26

(2000), NHTSA No. 02E-019 (2002), NHTSA 02E-045 (2002), NHTSA No. 08E-030 (2008), NHTSA Nos. 09E-026 (2009), NHTSA No. 09E-027 (2009), and NHTSA No. 10E-049 (2010)," Defendants argue that the topic improperly calls for Norcold to testify about communications to which it was not a party and "is so vast and open-ended and calls for such a large volume of information that it would be impossible for Norcold to prepare a representative on." Defs.' Mot. Ex. 7 [DE-45-7] at 5–6, Defs.' Mem. [DE-44] at 9. Defendants' objection is sustained in part, and Norcold is directed to produce a representative who can testify generally about communications between Norcold, its Dealers, and/or the NHTSA relating to investigations or discussions concerning NHTSA safety recalls.

Finally, to the extent that Defendants contend it is impossible for Norcold to prepare a single representative to testify on every noticed topic, Defs.' Mem. [DE-44] at 9–10, the court notes that Norcold may designate more than one agent or representative to testify as to the various topics, Fed. R. Evid. 30(b)(6) ("The named organization must then designate one or more officers, ... who consent to testify on its behalf; and it may set out the matters on which each person designated will testify"). Accordingly, the court disagrees with Defendants' characterization that preparation of "*a* representative" to testify regarding a wide array of information is unduly burdensome or "nearly impossible," particularly given the topic limitations discussed above, because Norcold is allowed to designate multiple witnesses to testify to as few or as many of the provided topics as they choose. Defs.' Mem. [DE-44] at 8–10.

In sum, Plaintiffs' motion to compel a Rule 30(b)(6) deposition is granted in part and denied in part, subject to the limitations detailed herein, and Plaintiffs' request for an award of their fees and costs is denied. Counsel for Norcold will work cooperatively with Plaintiffs' counsel to schedule a Rule 30(b)(6) deposition by no later than July 22, 2024.

27

### C. Plaintiffs' Motion to Compel the Deposition of Defendants' Expert Kim May

Plaintiffs seek an order from the court compelling Defendants to produce Norcold's retained expert, Kim May, for deposition within twenty days. Pls.' Mot. [DE-50] at 1. Plaintiffs contend that Defendants have refused to provide dates for May's deposition, Pls.' Mem. [DE-51] at 4, and have attached several exhibits in support of this claim, including May's expert report, Norcold's original and supplemental expert disclosures, and correspondence between Defendants' counsel and Plaintiffs' counsel regarding May's pending deposition, [DE-51-1 to -6]. Defendants aver that Plaintiffs have embarked on a "quest to harass Defendants" via the discovery process and have failed to meaningfully meet and confer with Defendants despite the court's previous directive to do so. In support, Defendants attached several exhibits, including a declaration made by counsel for Defendants, Todd Foss; Plaintiffs' first and amended objections and responses to Norcold's first request for production of documents. [DE-53-1 to -6].

After reviewing the correspondence provided by the parties regarding their attempts to meet and confer, as well as the declaration submitted by Mr. Foss, the court finds that the parties have, yet again, failed to comply with Local Civ. R. 7.1(c)(2). However, given the stage of the case and the history of unsuccessful communication between the parties, the court in its discretion will not deny the instant motion on this basis. Instead, the court directs Defendants' counsel to work cooperatively with Plaintiffs' counsel to schedule a deposition of Defendants' expert Kim May by no later than July 22, 2024. Accordingly, Plaintiffs' motion to compel is allowed, and their request for an award of fees and costs is denied.

### ii.    Norcold's Motion for Leave to File Exhibits

Norcold requests leave of court to file exhibits in support of its response in opposition to Plaintiffs' motion to compel a Rule 30(b)(6) deposition. [DE-45]. In support, Norcold states that

28

counsel experienced technological difficulties of unknown origin when attempting to upload and submit the exhibits that Norcold cites throughout its response. *Id.* at 2. Counsel proceeded to file Norcold's response, omitting the exhibits, without issue. *Id.* The response was timely filed, [DE-44], and the corresponding exhibits were filed as attachments to the instant motion four days later, along with a declaration of Defendants' counsel, Mitchell Powell, [DE-46].

Federal Rule of Civil Procedure 6(b) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" is an elastic concept, "not limited strictly to omissions caused by circumstances beyond the control of the movant," and courts have discretion to allow late filings even where the delay was the result of inadvertence. *Pioneer Invs. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (citation omitted). Here, Defendants have demonstrated excusable neglect for the delay in uploading the relevant exhibits and Plaintiffs do not oppose the instant motion. Thus, for good cause shown, Defendants' motion is allowed, and the exhibits submitted as attachments to [DE-45] are deemed to have been timely filed on February 16, 2024 as part of Norcold's response in opposition to Plaintiffs' motion to compel a Rule 30(b)(6) deposition.

### iii.    Plaintiffs' Motion for an Expedited Status Conference

Plaintiffs request that the court set this case for an expedited status conference. [DE-54]. In support, Plaintiffs aver that the discovery period is currently set to conclude on June 1, 2024,[3] and that Plaintiffs' three pending motions to compel are as-yet unresolved. *Id.* at 1–2. The motion is denied.

---

[3] The discovery period is actually set to conclude on June 21, 2024. [DE-49].

Case 5:23-cv-00087-D-RJ    Document 55    Filed 05/24/24    Page 29 of 30

## III.   CONCLUSION

For the reasons stated above, Defendants' motion for leave to file exhibits, [DE-45] is allowed; Plaintiffs' motion to compel written discovery, [DE-37], is allowed in part and denied in part; Plaintiffs' motion to compel a Rule 30(b)(6) deposition, [DE-40], is allowed in part and denied in part; Plaintiffs' motion to compel the deposition of Defendants' expert Kim May, [DE-50] is allowed; and Plaintiffs' motion for expedited status conference, [DE-54], is denied. In light of the court's order, the parties will need more time to complete discovery. Accordingly, case deadlines are extended as follows: all discovery shall be completed by no later than **July 22, 2024,** and all potentially dispositive motions, except those relating to the admissibility of evidence of trial, shall be filed by no later than **August 22, 2024.**

SO ORDERED, the 24th day of May 2024.

Robert B. Jones, Jr.
United States Magistrate Judge

30