IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-87-D

| | | |
|---|---|---|
| DAN WAGNER and PHYLLIS CHEESEMAN, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | O R D E R |
| NORCOLD, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Plaintiffs Dan Wagner and Phyllis Cheeseman's ("Wagner" and "Cheeseman" or collectively, "Plaintiffs") motion to compel compliance with court order and to compel discovery from Defendants, [DE-72], and Defendant Norcold, Inc.'s ("Norcold") unopposed motion for an extension of time to comply with the court's orders, [DE-80]. Norcold opposes Plaintiffs' motion to compel, and the matter is ripe for review. [DE-76]. For the reasons that follow, Plaintiffs' motion to compel is denied as moot and Norcold's motion for an extension of time is allowed.

I.  **Background**

Plaintiffs brought this action against Norcold, Thetford Corporation ("Thetford"), and Dyson-Kissner-Moran Corporation ("DKM") for defective design and negligence after a Series 1210 Norcold refrigerator (the "subject refrigerator"), which was installed in a 2003 Fleetwood Discovery RV parked on Cheeseman's property, allegedly caught fire on November 24, 2022, destroying Wagner's motorcycle repair shop, which was located inside of one of Cheeseman's

outbuildings.[1] Compl. [DE-1] ¶¶ 11–19. Plaintiffs contend that the subject refrigerator is one of many allegedly defective gas absorption refrigerators that Norcold has sold since 1996 (namely, the N6, N8, and 1200 Series refrigerators), all of which share common cooling unit technology that is prone to catching fire. *Id.* ¶¶ 20–32.

The parties have had several discovery disputes requiring court involvement throughout the course of the litigation. [DE-26, -37, -40, -50, -56, -58]. As relevant here, on May 24, 2024, the court issued an order that, *inter alia*, granted in part and denied in part two of Plaintiffs' motions to compel. [DE-55]. In addressing Plaintiffs' written discovery requests and noticed deposition topics, the order imposed a three-year limitation on Norcold's responses to Plaintiffs' Interrogatory No. 14, subparts 6 and 7; Norcold's responses to Plaintiffs' Requests for Production of Documents ("RFP") Nos. 9, 42, 46, 47–48, 110–12, and 114; and Norcold's expert testimony at deposition. *Id.* at 16, 23, 26. The order also gave Norcold fourteen days to file a motion for a protective order to govern the disclosure of any confidential information and/or mitigate the burden of production prior to producing any responsive documents. *Id.* at 23.

Norcold timely filed a motion for entry of protective orders on June 7, 2024, [DE-56], and the court addressed the motion in its orders dated September 13, 2024, [DE-74, -75], and by text order issued on September 17, 2024. However, before the court entered these protective orders, Plaintiffs filed the instant motion to compel, requesting that the court order Norcold to comply with its May 24, 2024 order and respond to Plaintiffs' written discovery. [DE-72]. Norcold responded to the motion, [DE-76], and now requests that the court grant it additional time to respond to the court's orders, [DE-80]. The discovery period is currently set to close on October 21, 2024, and the dispositive motions deadline is November 21, 2024. [DE-74].

---

[1] The parties filed a joint stipulation of dismissal as to Thetford and DKM on October 1, 2024. [DE-79].

2

## II. Analysis

### i. Plaintiffs' Motion to Compel

Plaintiffs request that the court issue an order compelling Norcold's compliance because "[w]ithout the entry of a protective order, Defendants have refused to produce any responsive documents . . . even after Plaintiffs' counsel agreed to treat such documents as confidential pending an order from the Court." Pls.' Mem. [DE-73] at 1–2. Plaintiffs contend that "Norcold's refusal to produce documents even with Plaintiffs' assurance they will be kept confidentially will obstruct discovery and hinder Plaintiffs' ability to examine Defendants' 30(b)(6) witness and the experts in this case." *Id.* at 3–4. Notably, several of these depositions were scheduled to take place at the end of September. *Id.*

As explained *supra*, Plaintiffs' motion to compel was filed before the court had ruled on Norcold's motion for entry of protective orders. Norcold responded to the motion on the day that the court entered the protective orders, which implemented the confidentiality provisions that Norcold requested, as well as some limitations as to scope. [DE-74] at 20–24. In its response, Norcold specifically addressed the newly entered protective orders and stated that "Norcold will work diligently to continue to comply." Def.'s Resp. [DE-76] at 2. Norcold also requested an award of costs incurred in responding to the motion. *Id.*

Considering that the court's May 24, 2024 order specifically contemplated entering protective orders, Norcold's response states that it will produce discovery responses consistent with the protective orders' terms, and Norcold's motion for an extension of time discusses Norcold's rolling discovery supplementation at length, *see* Def.'s Mem. [DE-81] at 2–3, Plaintiffs' motion to compel is denied as moot. Norcold's request for costs is denied.

3

### ii. Norcold's Motion for an Extension of Time

Norcold requests additional time to respond to the court's May 24, 2024 order, as well as an extension of case deadlines. Def.'s Mem. [DE-81] at 1. As previously detailed, the May 24 order permitted Norcold to subsequently file a motion for entry of protective orders, [DE-55] at 23, and Norcold complied with that directive, [DE-56]. The court addressed Norcold's proposed protective orders in two separate orders issued on September 13, 2024, as well as in a text order dated September 17, 2024. [DE-74, -75]. In doing so, the court specified that Norcold was to respond to Plaintiffs' outstanding discovery requests in accordance with the protective orders' terms by no later than October 1, 2024. *Id.* Norcold now asks for that deadline to be extended by sixty days, and for an adjustment of the discovery completion and dispositive motions deadlines to account for the extension. Def.'s Mem. [DE-81] at 3–4.

Federal Rule of Civil Procedure 6(b) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" is an elastic concept, "not limited strictly to omissions caused by circumstances beyond the control of the movant," and courts have discretion to allow late filings even where the delay was the result of inadvertence. *Pioneer Invs. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (citation omitted). Here, Norcold filed the instant motion on October 3, 2024, two days after the October 1 deadline. [DE-80]. While the motion does not explicitly address excusable neglect, the court in its discretion will allow the requested extension because Plaintiffs consent to the request and, as Norcold explains in depth, supplementation will "require[] a considerable amount of time due to the voluminous nature of the responsive

4

Case 5:23-cv-00087-D-RJ   Document 82   Filed 10/03/24   Page 4 of 5

materials," and Norcold has worked diligently to produce said materials, having produced 31,560 pages to date. Def.'s Mem. [DE-81] at 2–4.

## III. Conclusion

For the reasons stated above, Plaintiffs' motion to compel, [DE-72], is denied as moot, and Norcold's motion for an extension of time, [DE-80], is allowed. Norcold shall supplement its discovery responses as required in the court's prior orders by no later than **November 20, 2024**; discovery shall be completed by no later than **December 20, 2024**; and all potentially dispositive motions shall be filed by no later than **January 21, 2025.**

SO ORDERED, the 3 day of October 2024.

Robert B. Jones, Jr.
United States Magistrate Judge